# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JAMES ANTHONY FLUKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **4:11-cv-02583-IPJ-JEO** |
| **THE ATTORNEY GENERAL OF THE** ) | |
| **STATE OF ALABAMA, et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner James Anthony Fluker, who is currently incarcerated at the James Hayes Detention Center in Gadsden, Alabama, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Petitioner challenges his sentence on the ground that the sentence imposed is overwhelmingly harsh. (*Id.* at 2). On October 13, 2011, the court entered an Order requiring Respondents to appear and show cause as to why Fluker's petition should not be granted. (Doc. 4). In their Answer, Respondents argue that Fluker's claims are time-barred and procedurally defaulted. (Doc. 6 at 2). On November 3, 2011, the court entered an Order notifying petitioner that the case was ripe for summary disposition and allowed him twenty days to supplement the record with additional evidentiary material and legal arguments. (Doc. 7). Fluker did not respond to the court's Order. For the reasons discussed below, Fluker's petition is due to be denied as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

---

[1] All references herein to "Doc. ___" refer to the document numbers assigned by the Clerk of the Court.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On December 9, 2005, Fluker was indicted on a charge of robbery in the first degree. He pled guilty in the Etowah County Circuit Court on October 17, 2006, and was sentenced to twenty years imprisonment on April 17, 2007. (Doc 6-1 at 1). Fluker's sentence was suspended to serve three years, with the remaining seventeen years to be spent on probation. (*Id*. at 5). Fluker did not appeal his conviction. (*See id*. 6-1). On June 28, 2011, Fluker's probation was revoked and he was returned to the Etowah County Detention Center. (*Id*. at 6). Fluker did not appeal the revocation of his probation. (*See id*.).

## DISCUSSION

A one-year period of limitation applies to Fluker's § 2254 petition challenging Fluker's state-court conviction. That one-year period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). When a state prisoner does not pursue any direct appeal, his conviction is considered final under § 2244(d)(1)(A) when the time lapses under state law to have filed a timely appeal, which in Alabama is 42 days. *McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009); *see also* Rule 4(b)(1) ALA. R. APP. P. Fluker's conviction became final on May 29, 2007, after the 42-day time period for appealing his conviction passed. (Doc. 6-1). Fluker filed the instant petition on July 15, 2011. (Doc. 1). Accordingly, to the extent that petitioner challenges his conviction and sentencing, any § 2254 petition is barred by the statute of limitations under 28 U.S.C. §


2244(d)(1)(A).[2]

Finally, the state mentions the possibility of interpreting "Fluker's claims as an attack on his probation revocation on June 28, 2011." (Doc. 6 at 2). However, Fluker does not challenge the probation revocation in his petition. (*See* Doc. 1). Thus, whether that claim is procedurally barred is irrelevant.

## CONCLUSION

For the reasons stated above, Fluker's § 2254 petition is due to be denied because it is untimely filed under 28 U.S.C. § 2244(d). Accordingly, this action is due to be dismissed with prejudice.

**DONE** this 2nd day of July 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2] To overcome a statute of limitations bar, a petitioner may show that he is "actually innocent." *Rozzelle v. Secretary, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011–12 (11th Cir. 2012). Here, Fluker does not argue that he is actually innocent, rather he complains solely about the harshness of the sentence. Thus, he is not entitled to any exception to the statute of limitations.